# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| U4IK GARDENS, LLP, a Washington limited liability partnership, | No. 54492-0-II |
| Appellant, | |
| v. | |
| STATE OF WASHINGTON; WASHINGTON STATE LIQUOR AND CANNABIS BOARD; KENDRA OGREN; and JOHN DOE NOS. 1-6, | UNPUBLISHED OPINION |
| Respondents. | |

Glasgow, J.—The Washington Liquor and Cannabis Board seized and immediately destroyed 411 marijuana plants cultivated by U4IK Gardens LLP because the plants were larger than 8 inches in height or width but were not tagged with unique identification labels. U4IK argued it is entitled to damages under the Washington Constitution's due process clause, the trespass statute, and common law conversion. The superior court granted summary judgment to the Board and denied summary judgment to U4IK, dismissing all claims.

U4IK appeals, arguing that the Board was not authorized to immediately seize and destroy its plants without some process or hearing and, as a result, the Board must pay damages. We affirm the superior court's grant of summary judgment dismissing U4IK's claims because U4IK failed to raise any viable cause of action in its complaint.

FACTS

U4IK was a licensed marijuana producer growing marijuana for sale. Acting on a tip, enforcement officers with the Board conducted an unannounced visit to U4IK's grow facility. The officers discovered 411 marijuana plants over 8 inches in height or width that lacked the unique identification labels required under the Board's traceability regulations. In an uncontested report, an enforcement officer explained that some of the plants were as much as 4 to 5 feet tall, and some were full grown plants with buds. The report also explained that marijuana plants can take 3 months or more to mature to the point where they grow buds. Thus, it is possible many of the plants had been improperly lacking unique identification labels for some time.

The officers determined the lack of labeling posed a threat to health and safety, and they seized and killed the 411 plants by cutting them at the base of each plant and removing them from U4IK's facility. The plants were eventually destroyed. The officers did not destroy plants that were less than 8 inches in height or width or plants whose unique identification labels were improperly attached to their containers rather than the plant itself.

U4IK filed a complaint against the Board and the officers involved seeking damages for its destroyed plants under 42 U.S.C. § 1983, statutory trespass, conversion, and the takings clause of the Washington Constitution. The only remedy that U4IK sought was monetary damages; it did not seek injunctive or declaratory relief, nor did it ask the trial court to declare any statute or regulation invalid. U4IK later amended its complaint, eliminating its § 1983 claim and replacing that claim with an allegation that the Board violated U4IK's state constitutional rights to equal protection and procedural and substantive due process. The amended complaint retained the remaining claims and still sought only damages, not injunctive or declaratory relief.

The parties filed cross motions for summary judgment. The superior court granted the Board's motion for summary judgment and dismissed all of U4IK's claims. U4IK appeals.

ANALYSIS

We review the superior court's order granting summary judgment de novo. *Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When determining whether a genuine issue of material fact exists, we consider all the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Vargas*, 194 Wn.2d at 728. Summary judgment is proper if, after reviewing all the evidence, a reasonable person could reach only one conclusion. *Id.*

A.      Board's Authority to Seize and Destroy Plants

Several of U4IK's claims depend on U4IK's underlying argument that the enforcement officers lacked authority to immediately seize and destroy the marijuana plants under chapter 69.50 RCW and chapter 314-55 WAC. Specifically, U4IK contends that the Board had to first conduct a proceeding under WAC 314-55-220(3) before killing or destroying the plants. U4IK also argues that the Board should have imposed an administrative hold, allowing the plants to survive and be cultivated while the appropriate penalty was determined. Alternatively, U4IK argues that the Board should have engaged in forfeiture proceedings before destroying the plants. Finally, U4IK asserts that the appropriate remedy was a monetary fine, not destruction of the untagged plants.[1]

---

[1] As the trial court astutely recognized below, U4IK did not argue that the statute or Board regulations are unconstitutional on their face or as applied. Nor does U4IK argue on appeal that any applicable statute or regulation is invalid.

The Board responds that its immediate seizure and destruction of the plants was authorized by RCW 69.50.505 and WAC 314-55-210 because the untagged plants were cultivated in violation of chapter 69.50 RCW. The Board also contends that U4IK did not have a valid property interest in the plants under chapter 69.50 RCW and that the plants could be immediately destroyed, in part because untagged plants present a risk to public health and safety.

We conclude that the Board had authority under RCW 69.50.505 and WAC 314-55-210 to immediately seize and destroy U4IK's untagged marijuana plants.

     1.    <u>Relevant statutes and regulations</u>

        a.    Marijuana plant tagging requirement

RCW 69.50.345 mandates that the Board promulgate regulations to oversee the production of marijuana.

Producers of marijuana must comply with the statutory and regulatory provisions of chapter 69.50 RCW and chapter 314-55 WAC. RCW 69.50.401 makes it illegal to possess controlled substances with the intent to manufacture or deliver except as authorized by chapter 69.50 RCW. RCW 69.50.401(3) states that "[t]he production . . . of marijuana in compliance with the terms set forth in RCW . . . 69.50.366 shall not constitute a violation of this section, this chapter, or any other provision of Washington state law."

RCW 69.50.366 clarifies that marijuana production by a licensed marijuana producer does not constitute a criminal or civil offense if done in compliance with the rules adopted by the Board. RCW 69.50.366(1) also states that "[p]roduction or possession of quantities of marijuana that do not exceed the maximum amounts established by the [Board] under RCW 69.50.345(3)" "do not constitute criminal or civil offenses under Washington . . . law" so long as the marijuana producer

complies "with rules adopted by the [Board] to implement and enforce [chapter 69.50 RCW]."[2]

Thus, failure to comply with the Board's regulations violates RCW 69.50.366 and therefore constitutes a violation of chapter 69.50 RCW.

One of the Board's regulations requires marijuana plants larger than 8 inches in height or width to be precisely traced. WAC 314-55-083(4)(f). Licensed producers like U4IK must affix a unique identification label to each plant that includes detailed information. WAC 314-55-083(4). WAC 314-55-083(4) provides in relevant part:

> To prevent diversion *and to promote public safety*, marijuana licensees must track marijuana from seed to sale. . . . The following information is required and must be kept completely up-to-date in a system specified by the [Board]:
> . . . .
> (f) All marijuana plants eight or more inches in height or width must be physically tagged and tracked individually.

(Emphasis added.)

In sum, failure to comply with the tagging and traceability requirements in WAC 314-55-083(4) makes possession of untagged plants a violation of chapter 69.50 RCW under RCW 69.50.366.

      b.     Board enforcement

RCW 69.50.500(a) authorizes the Board to enforce the provisions of chapter 69.50 RCW: "It is hereby made the duty of . . . the [Board], and [its] officers, agents, inspectors and representatives, and all law enforcement officers within the state, and of all prosecuting attorneys, to enforce all provisions of this chapter." (Reviser's note omitted.)

---

[2] RCW 69.50.360 and .363 apply to retailers and processors, and these statutes contain similar language.

No. 54492-0-II

Violations of chapter 69.50 RCW trigger the Board's authority to undertake seizure and forfeiture actions. RCW 69.50.505. RCW 69.50.505(2)(c) authorizes the Board to seize property *without process* if "[a] board inspector or law enforcement officer has probable cause to believe that the property is directly or indirectly dangerous to health or safety." (Reviser's note omitted.) In the event of a seizure under RCW 69.50.505(2), "proceedings for forfeiture shall be deemed commenced by the seizure." RCW 69.50.505(3). The statute then provides for a forfeiture procedure under which a party can obtain a hearing. RCW 69.50.505(3)-(5).

In addition, RCW 69.50.505(12) separately authorizes the Board to seize and *summarily* forfeit marijuana plants that were cultivated in violation of chapter 69.50 RCW:

> Species of plants from which controlled substances in Schedules I and II may be derived which have been planted or cultivated in violation of this chapter, or of which the owners or cultivators are unknown, or which are wild growths, may be seized and summarily forfeited to the board.

(Reviser's note omitted.) Marijuana is a Schedule I drug. RCW 69.50.204(c)(22).[3]

Under RCW 69.50.345(12), the Board is empowered to adopt rules "[s]pecifying procedures for . . . destroying . . . all marijuana . . . that do[es] not conform in all respects to the standards prescribed by this chapter or the rules of the [Board]." In turn, WAC 314-55-210(5) provides that the Board may destroy plants that do not comply with the traceability requirements under WAC 314-55-083(4):

---

[3] The Board also relies on RCW 69.50.505(11), but that subsection is not specific to plants, while (12) is. As a result, we rely on (12) as the specifically applicable subsection. The Board argues that the language in (11) creates a *mandatory duty* to seize contraband controlled substances that are not possessed in compliance with chapter 69.50 RCW, but we do not need to address that issue to resolve this case. Similarly, U4IK's argument that untagged plants are not contraband if held by a licensee relies on the word "contraband" that appears in (11), but not (12) of RCW 69.50.505. We also do not address that argument.

6

> The [Board] may seize, *destroy*, confiscate, *or* place an administrative hold on marijuana, usable marijuana, marijuana concentrates, and marijuana-infused products under the following circumstances:
>
> . . . .
>
> (5) The [Board] *may destroy any marijuana*, marijuana concentrate, usable marijuana, and/or marijuana-infused products in its possession that is not identifiable through the Washington marijuana traceability system or otherwise in a form that is not compliant with Washington's marijuana statutes or rules, chapters 69.50 RCW and 314-55 WAC.

(Emphasis added.) This regulation also establishes a process to be followed should the Board opt to place an administrative hold on the marijuana in question, allowing marijuana plants to continue to be cultivated pending resolution of an investigation. WAC 314-55-210(6).

The Board may also summarily order a producer to destroy plants after completing a preliminary investigation that shows destruction is necessary "for the protection or preservation of the public health, safety, or welfare." WAC 314-55-220(1). Destruction under WAC 314-55-220(2) requires the Board to serve notice on the producer. WAC 314-55-220 provides:

> (1) The [Board] may issue an order to summarily destroy marijuana, usable marijuana, marijuana concentrates, or marijuana-infused products after the [Board's] enforcement division has completed a preliminary staff investigation of the violation and upon a determination that immediate destruction of marijuana, usable marijuana, marijuana concentrates, or marijuana-infused products is necessary for the protection or preservation of the public health, safety, or welfare.
>
> (2) Destruction of any marijuana, usable marijuana, marijuana concentrates, or marijuana-infused products under this provision shall take effect immediately upon personal service on the licensee or employee thereof of the summary destruction order unless otherwise provided in the order.

Finally, WAC 314-55-230(2) addresses procedures for destroying marijuana after "case adjudication."

In sum, the legislature contemplated destruction of marijuana plants that were not maintained in compliance with chapter 69.50 RCW or Board regulations. The legislature also

required the Board to adopt regulations regarding the procedures for destroying marijuana plants that were out of compliance. RCW 69.50.345(12). In its regulations, the Board provided for multiple options, including immediate destruction, administrative hold, summary destruction after a preliminary investigation, and destruction after case adjudication. WAC 314-55-210, -220, -230.

2. <u>Immediate destruction was authorized under chapter 69.50 RCW and chapter 314-55 WAC</u>

We conclude, as a matter of law, that the Board was authorized to seize and destroy U4IK's 411 plants that were larger than 8 inches and not tagged with a unique identification label.

U4IK does not dispute that it violated WAC 314-55-083(4) by failing to tag its marijuana plants. The record contains uncontested evidence that some of the plants were large enough that noncompliance with the tagging requirements had probably been going on for some time. Because U4IK failed to comply with the Board's traceability regulations, it also necessarily failed to comply with RCW 69.50.366, the statute that requires licensed marijuana producers to comply with all Board regulations. Thus, to the extent U4IK asserts it did not violate chapter 69.50 RCW, that argument fails.

At the summary judgment hearing, U4IK also conceded that the seizure of the untagged plants was authorized under RCW 69.50.505(2)(c). U4IK argues on appeal, however, that the Board had no authority to destroy the plants until it satisfied the summary destruction process under WAC 314-55-220 or completed a case adjudication under WAC 314-55-230.

U4IK is dismissive of RCW 69.50.505(12), but that subsection expressly authorizes seizure and summary forfeiture of marijuana plants cultivated in violation of chapter 69.50 RCW. Once the Board seized the plants, it was authorized to destroy them under WAC 314-55-210(5) because the plants were noncompliant with the Board's traceability requirements. Although other portions

of the regulations provided other avenues to destruction, involving an administrative hold or case adjudication for example, the plain language of WAC 314-55-210(5) provides for the destruction of plants not identifiable through the Board's tracing system, without reference to any delay or predestruction proceeding.

U4IK contends that the Board could only invoke WAC 314-55-210(5) to destroy the plants *after* the Board had taken the plants into its possession. But U4IK conceded below that seizure of the untagged plants was justified and it does not explain why the plants could not be destroyed on site to the extent they had to be cut from their roots for the Board to confiscate them.

U4IK also asserts that an administrative hold was required. But that is contrary to the plain language of WAC 314-55-210(6), which allows for, but does not require, an administrative hold. WAC 314-55-210(6) says only that the Board "*may* order an administrative hold."

Finally, U4IK argues that all of the Board's regulations regarding destruction must be read together, and WAC 314-55-210(5) only contemplates destruction of untagged plants using the procedures outlined in the other regulations discussed above—forfeiture proceedings, summary forfeiture after investigation, or case adjudication. U4IK also contends that ignoring the predestruction procedures established in other regulations undermines those procedures. But both of these arguments ignore that the legislature and the Board intended to treat untagged plants and other untraceable marijuana as particularly likely to threaten health and safety of marijuana consumers, as well as present a danger for diversion into the black market, something the Board must prevent. *See* WAC 314-55-521 (categorizing traceability violations as an immediate threat to public health and safety). Reading WAC 314-55-210(5) as an independent basis for destruction in the limited circumstances where marijuana is not being traced is consistent with these purposes.

We conclude that the Board and its agents operated under the authority of RCW 69.50.505(12) and WAC 314-55-210(5) when they seized and destroyed U4IK's untagged plants.

B.      Damages Under Trespass and Conversion

U4IK argues that the Board is liable for statutory trespass and common law conversion. Both of these claims depend upon U4IK's argument that the Board lacked authority to immediately seize and destroy the untagged plants.

To prevail under the trespass statute, U4IK must show that the Board intentionally and unreasonably went onto its land to remove crops while knowing or having reason to know it lacked authority to do so. RCW 4.24.630. Similarly, "'[c]onversion is the *unjustified*, willful interference with a chattel which deprives a person entitled to the property of possession.'" *Potter v. Wash. State Patrol*, 165 Wn.2d 67, 78-79, 196 P.3d 691 (2008) (emphasis added) (alteration in original) (quoting *In re Marriage of Langham & Kolde*, 153 Wn.2d 553, 564, 106 P.3d 212 (2005)). Because the Board was authorized to immediately seize and destroy the untagged marijuana plants under RCW 69.50.505(12) and WAC 314-55-210(5), the Board and its agents did not act without authority, nor was the seizure of the plants unjustified.

U4IK relies on *Potter*, where the plaintiff was permitted to proceed with a common law conversion claim against the State Patrol based on the impoundment of Potter's car. 165 Wn.2d 78-79. But the claim in *Potter* arose *after* the regulation the State Patrol had relied on for the impoundment was declared invalid. *Id.* at 75. Here, there has been no such holding invalidating the relevant Board regulations, nor has U4IK sought declaratory judgment invalidating the regulations in this case. Thus, the Board's actions here were not unjustified in the way that the impoundment of Potter's car was unjustified.

For these reasons, we conclude that U4IK may not recover under trespass or conversion.

C.     Due Process Claim Under the Washington Constitution

U4IK argues that destroying the untagged plants without any prior notice and opportunity to be heard violated its procedural and substantive due process rights and, as a result, U4IK is entitled to damages.[4] U4IK explains that a person cannot be deprived of a property interest without notice and an opportunity to be heard. The Board responds that U4IK seeks only damages, and there is no private right of action for damages in Washington based on state constitutional claims.

In *Blinka v. Washington State Bar Association*, Division One explained that Washington courts have declined to recognize an implied cause of action for constitutional violations. 109 Wn. App. 575, 36 P.3d 1094 (2001). U4IK urges us to be the first to recognize such a claim. On at least one prior occasion, the Washington Supreme Court has declined this invitation. *See Reid v. Pierce County*, 136 Wn.2d 195, 213-14, 961 P.2d 333 (1998). We decline to depart from these prior cases absent guidance from the legislature or the Supreme Court as to the parameters of a constitutional cause of action for damages.

Because U4IK seeks only damages and there is no constitutional basis for a damages claim, it has failed to raise a viable cause of action and is therefore not entitled to relief.

CONCLUSION

We affirm summary judgment in the Board's favor because the Board and its officers acted within their statutory and regulatory authority. U4IK has not raised a viable cause of action.

---

[4] U4IK does not mention its equal protection or takings claims on appeal, and we therefore treat those claims as abandoned.

11

No. 54492-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Lee, C.J.

Sutton, J.

12